UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANTHONY DAVID FLORES,<br>　aka "Anton David," and<br>ANNA RENE MOORE,<br><br>　　　　Defendant. | No. 2:22-CR-00593-PA-2<br><br><u>ORDER CONTINUING  TRIAL DATE FOR DEFENDANT ANNA RENE MOORE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**NEW TRIAL DATE:**<br>May 9, 2023<br>**PRETRIAL CONFERENCE:**<br>May 1, 2023 |

　　　Having reviewed the case, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

　　　1.   The Indictment in this case was made public on January 31, 2023.  Defendant Anna Rene Moore ("defendant Moore") first appeared before a judicial officer of the court in which the charges in this case were pending on February 28, 2023.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that defendant Moore's trial commence on or before May 9, 2023.  Defendant Anthony David Flores, also known as "Anton David" ("defendant Flores"),

1  first appeared before a judicial officer of the court in which the
2  charges in this case were pending on March 13, 2023.  The Speedy
3  Trial Act, 18 U.S.C. § 3161, originally required that defendant
4  Flores's trial commence on or before May 22, 2023.
5       2.   On February 28, 2023, the Court set a trial date of
6  April 25, 2023 for defendant Moore, a status conference date of
7  April 17, 2023, and a motion schedule as follows: (i) pretrial
8  motions due on March 27, 2023; (ii) oppositions due on April 3,
9  2023; and (iii) replies due on April 10, 2023.
10      3.   On March 13, 2023, the Court set a trial date of
11 May 9, 2023, for defendant Flores.
12      4.   Both defendant Moore and defendant Flores are detained
13 pending trial.  The parties estimate that the trial in this matter
14 will last approximately seven to ten days.  All defendants are
15 joined for trial and a severance has not been granted.
16      5.   Defendants are charged with violations of 18 U.S.C. § 1349
17 (Conspiracy to Commit Wire Fraud and Mail Fraud); 18 U.S.C. § 1343
18 (Wire Fraud); 18 U.S.C. § 1341 (Mail Fraud); 18 U.S.C. § 1028A
19 (Aggravated Identity Theft); 18 U.S.C. § 1956(h) (Conspiracy to
20 Engage in Money Laundering); 18 U.S.C. § 1956(a)(1)(B)(i)
21 (Laundering of Monetary Instruments); 18 U.S.C. § 1957(a) (Engaging
22 in Monetary Transactions in Property Derived from Specified Unlawful
23 Activity); and 18 U.S.C. § 2(b) (Causing an Act to Be Done).
24      6.   To date, the government has produced discovery to the
25 defense, including over 230,000 pages of discovery, compromising of,
26 among other things, lengthy transcripts from civil depositions,
27 numerous filings from civil litigation, lengthy videos and
28 recordings, and numerous financial documents related to the alleged

fraud. The government anticipates making additional productions in the future.

7. On March 17, 2023, the Court on its own motion continued the trial date for defendant Moore from April 25, 2023 to May 9, 2023, and the final pretrial status conference from April 17, 2023 to May 1, 2023. The Court found the interim period to be excluded in computing the time within which defendant Moore's trial must commence, pursuant to the Speedy Trial Act, as this amounts to a "reasonable period of delay" under 18 U.S.C. § 3161(h)(6) because defendant Moore is joined for trial with defendant Flores and no motion for severance has been granted.

8. The government does not object to the continuance.

9. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

10. The ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

11. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. Defendant Moore's trial in this matter is continued from April 25, 2023 to May 9, 2023. The final status conference hearing

is continued to May 1, 2023.  The briefing schedule for any motions shall be as follows: (a) pretrial motions due on April 3, 2023; (b) oppositions due on April 17, 2023; and replies due on April 24, 2023.

    2.  The time period of April 25, 2023 to May 9, 2023, inclusive, is excluded in computing the time within which defendant Moore's trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(6), (h)(7)(A), (h)(7)(B)(i), and (B)(iv).

    3.  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO ORDERED.

March 21, 2023
DATE

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:
    /s/
ANDREW M. ROACH
Assistant United States Attorney