1  E. MARTIN ESTRADA
   United States Attorney
2  ANNAMARTINE SALICK
   Assistant United States Attorney
3  Chief, National Security Division
   ANDREW M. ROACH (Cal. Bar No. 293375)
4  Assistant United States Attorney
   Cyber & Intellectual Property Crimes Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0306
7       Facsimile: (213) 894-2927
        E-mail:    andrew.roach@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                    UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,            No. 2:22-CR-00593-PA

13          Plaintiff,                   STIPULATION REGARDING REQUEST FOR
                                         (1) CONTINUANCE OF TRIAL DATE AND
14            v.                         (2) FINDINGS OF EXCLUDABLE TIME
                                         PERIODS PURSUANT TO SPEEDY TRIAL
15  ANTHONY DAVID FLORES,                ACT
      aka "Anton David," and
16  ANNA RENE MOORE,                     **CURRENT TRIAL DATE:**
                                         May 9, 2023
17          Defendants.                  **PROPOSED TRIAL DATE:**
                                         March 19, 2024
18

19

20       Plaintiff United States of America, by and through its counsel

21  of record, the United States Attorney for the Central District of

22  California and Assistant United States Attorney Andrew M. Roach, and

23  defendant Anna Rene Moore ("defendant Moore"), both individually and

24  by and through her counsel of record, Deputy Federal Public Defender

25  Charles J. Snyder, and defendant Anthony David Flores, also known as

26  "Anton David" ("defendant Flores"), both individually and by and

27  through his counsel of record, Ambrosio E. Rodriguez, hereby

28  stipulate as follows:

1        1.    The Indictment in this case was made public on

2   January 31, 2023.

3        2.    Defendant Moore first appeared before a judicial officer of

4   the court in which the charges in this case were pending on February

5   28, 2023.   The Speedy Trial Act, 18 U.S.C. § 3161, originally

6   required that defendant Moore's trial commence on or before

7   May 9, 2023.   On February 28, 2023, the Court set a trial date of

8   April 25, 2023 for defendant Moore.

9        3.    Defendant Flores first appeared before a judicial officer

10  of the court in which the charges in this case were pending on

11  March 13, 2023.   The Speedy Trial Act, 18 U.S.C. § 3161, originally

12  required that defendant Flores's trial commence on or before May 22,

13  2023.   On March 13, 2023, the Court set a trial date of May 9, 2023

14  for defendant Flores.

15       4.    On March 17, 2023, the Court, on its own motion, continued

16  the trial date of defendant Moore to May 9, 2023 and found the time

17  period of April 25, 2023 to May 9, 2023, inclusive, to be excluded

18  for purposes of computing the trial date under the Speedy Trial Act

19  pursuant to 18 U.S.C. § 3161(h)(6), as this delay amounted to a

20  "reasonable period of delay" where defendant Moore is joined for

21  trial with defendant Flores and no motion for severance has been

22  granted.

23       5.    Both defendant Moore and defendant Flores are detained

24  pending trial.   The parties estimate that the trial in this matter

25  will last approximately seven to ten days.

26       6.    By this stipulation, defendants move to continue the trial

27  date to March 19, 2024, and the status conference to March 11, 2024.

28

1  This is the first request for a continuance for defendants Flores and

2  Moore.

3      7.   Defendants request the continuance based upon the following

4  facts, which the parties believe demonstrate good cause to support

5  the appropriate findings under the Speedy Trial Act:

6          a.   Defendants are charged with violations of 18 U.S.C.

7  § 1349 (Conspiracy to Commit Wire Fraud and Mail Fraud); 18 U.S.C.

8  § 1343 (Wire Fraud); 18 U.S.C. § 1341 (Mail Fraud); 18 U.S.C. § 1028A

9  (Aggravated Identity Theft); 18 U.S.C. § 1956(h) (Conspiracy to

10 Engage in Money Laundering); 18 U.S.C. § 1956(a)(1)(B)(i) (Laundering

11 of Monetary Instruments); 18 U.S.C. § 1957(a) (Engaging in Monetary

12 Transactions in Property Derived from Specified Unlawful Activity);

13 and 18 U.S.C. § 2(b) (Causing an Act to Be Done).

14         b.   The government has produced discovery to the defense,

15 including over 230,000 pages of discovery, compromising of, among

16 other things:

17             i.   Lengthy transcripts from 10 different depositions

18 in the civil action that the victim's family filed against defendants

19 (the "Civil Action"), including seven days of deposition testimony

20 from defendants;

21             ii.  Numerous filings from the Civil Action;

22             iii. The underlying document productions and written

23 discovery produced in the Civil Action;

24             iv.  Document productions from attorneys representing

25 victim's family in the Civil Action;

26             v.   Lengthy videos and recordings relating to various

27 financial transactions and other events underlying the indictment;

28 and

1      vi. Numerous financial documents relating to the

2 fraud.

3    c. The government is currently arranging a production of

4 another approximate 200,000 pages of discovery to the defendants,

5 including additional productions from attorneys representing the

6 victim's family members in the Civil Action, the court-appointed

7 receiver in the Civil Action, and additional discovery obtained

8 during the investigation.

9    d. Due to the nature of the prosecution, including the

10 charges in the indictment and the voluminous discovery produced to

11 defendants, this case is so unusual and so complex that it is

12 unreasonable to expect adequate preparation for pretrial proceedings

13 or for the trial itself within the Speedy Trial Act time limits.

14    e. In addition, defense counsel for defendant Moore is

15 presently scheduled to be in trial in the following cases on the

16 following dates:

17      i. United States v. Zuniga, CR-19-635-FMO, a one-

18 defendant gun-trafficking trial set to begin on April 18, 2023, which

19 is estimated to last approximately four days;

20     ii. United States v. Power, CR-20-15-FMO, a one-

21 defendant anti-kickback trial set to begin on May 9, 2023, which is

22 estimated to last approximately four days;

23     iii. United States v. Valencia, CR 19-311-MWF, a one-

24 defendant felon in possession of firearm and ammunition trial set to

25 begin on May 23, 2023, which is estimated to last approximately four

26 days;

27

28

1              iv.   United States v. Medina, CR-22-139-MEMF, a two-

2   defendant drug and gun-trafficking trial set to begin June 13, 2023,

3   which is estimated to last approximately four days;

4              v.   United States v. Grey; CR-23-31-FMO, a one-

5   defendant gun-possession trial set to begin July 11, 2023, which is

6   estimated to last approximately four days;

7              vi.   United States v. Garcia; CR-20-225-DSF, a three-

8   defendant fraud trial set to begin August 8, 2023, which is estimated

9   to last approximately four days; and

10             vii.  United States v. Heatherington, CR-13-183-JAK, a

11  four-defendant, securities-fraud trial set to begin on February 6,

12  2024, which is estimated to last approximately 15 days.

13     Accordingly, counsel for defendant Moore represents that he will

14  not be available to try this date on the scheduled trial date and

15  will not have the time that he believes is necessary to prepare to

16  try this case on the current trial date.

17         f.   Defense counsel for defendant Flores is presently

18  scheduled to be in a hearing or trial in the following cases on the

19  following dates:

20             i.   The People of the State of California v. Rachel

21  Juliussen, Case No. 1LB01550 (Long Beach), a one-defendant vehicular

22  manslaughter trial set to begin on April 12, 2023, which is estimated

23  to last two weeks;

24             ii.   The People of the State of California v. Michael

25  Telles, Case No. KA124009 (Pomona), a three-defendant murder trial

26  set to begin on April 25, 2023, which is expected to last three

27  weeks;

28

1    iii. The People of the State of California v. Anthony

2 Varela, Case No. VA151785 (Norwalk), a two-defendant murder case

3 which is set for a trial setting conference on May 8, 2023, and is

4 expected begin sometime in June 2023, if it goes to trial;

5    iv.  The People of the State of California v. Gerardo

6 Valencia, Case No. RIF2003401 (Riverside), a one-defendant case

7 involving multiple counts of a lewd act on a child which is set to

8 begin on May 31, 2023;

9    v.   United States v. Luis Ruvalcaba, Case No. 2:18-

10 cr-00705-JAK (C.D. Cal.), for sentencing on April 6, 2023;

11    vi.  United States v. Jose A. Lopez-Isidro, Case No.

12 3:19-cr-00326-DMS (S.D. Cal.), for sentencing on April 7, 2023;

13    vii. The People of the State of California v. Ornel

14 Pulido, Case No. FWV210000731, for a preliminary hearing in a

15 controlled substance case on April 16, 2023;

16    viii.    The People of the State of California v.

17 Sibghatallah Nawaz, Case No. 37-2022-00014418-CU-HR-CTL (San Diego),

18 set for trial on April 19, 2023, which is expected to last three to

19 four days;

20    ix.  United States v. Juan Herrera, Case No. 2:17-CR-

21 00278-ODW, for sentencing on May 8, 2023;

22    x.   The People of the State of California v.

23 Jacqueline Ramirez, Case No. RIF2104214, for sentencing on May 22,

24 2023;

25    xi.  The People of the State of California v.

26 Jacqueline Ramirez, Case No. BA495274 (Central Courts Building

27 Superior Court), a two-defendant, double-murder case which is set for

28

1 | a status conference on April 19, 2023, and a jury trial is expected
2 | to be set in late fall 2023 or early 2024 and last two weeks; and
3 |                 xii. The People of the State of California v. James
4 | Santistevan, Case No. GA109936 (Alhambra Superior Court), a four-
5 | defendant murder case which is set for a status conference on April
6 | 18, 2023, and a jury trial is expected to be set in early fall 2023
7 | and last a month.
8 |     Accordingly, counsel for defendant Flores represents that he
9 | will not have the time that he believes is necessary to prepare to
10 | try this case on the current trial date.
11 |             g.   In light of the foregoing, defense counsel also
12 | represents that additional time is necessary to confer with
13 | defendants, conduct and complete an independent investigation of the
14 | case, conduct and complete additional legal research including for
15 | potential pretrial motions, review the discovery and potential
16 | evidence in the case, and prepare for trial in the event that a
17 | pretrial resolution does not occur.  Defense counsel represents that
18 | failure to grant the continuance would deny them reasonable time
19 | necessary for effective preparation, taking into account the exercise
20 | of due diligence.
21 |             h.   Defendants believe that failure to grant the
22 | continuance will deny them continuity of counsel and adequate
23 | representation.
24 |             i.   The government does not object to the continuance.
25 |             j.   The requested continuance is not based on congestion
26 | of the Court's calendar, lack of diligent preparation on the part of
27 | the attorney for the government or the defense, or failure on the
28 |

1 │ part of the attorney for the government to obtain available

2 │ witnesses.

3 │     8.   For purposes of computing the date under the Speedy Trial

4 │ Act by which defendants' trial must commence, the parties agree that

5 │ the time period of May 9, 2023 to March 19, 2024, inclusive, should

6 │ be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i),

7 │ (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a

8 │ continuance granted by the Court at defendants' request, without

9 │ government objection, on the basis of the Court's finding that:

10 │ (i) the ends of justice served by the continuance outweigh the best

11 │ interest of the public and defendants in a speedy trial; (ii) failure

12 │ to grant the continuance would be likely to make a continuation of

13 │ the proceeding impossible, or result in a miscarriage of justice;

14 │ (iii) the case is so unusual and so complex, due to the nature of the

15 │ prosecution, that it is unreasonable to expect preparation for

16 │ pretrial proceedings or for the trial itself within the time limits

17 │ established by the Speedy Trial Act; and (iv) failure to grant the

18 │ continuance would unreasonably deny defendants continuity of counsel

19 │ and would deny defense counsel the reasonable time necessary for

20 │ effective preparation, taking into account the exercise of due

21 │ diligence.

22 │ //

23 │ //

24 │ //

25 │ //

26 │ //

27 │ //

28 │ //

1    9.    Nothing in this stipulation shall preclude a finding that

2  other provisions of the Speedy Trial Act dictate that additional time

3  periods be excluded from the period within which trial must commence.

4  Moreover, the same provisions and/or other provisions of the Speedy

5  Trial Act may in the future authorize the exclusion of additional

6  time periods from the period within which trial must commence.

7    IT IS SO STIPULATED.

8  Dated: March 29, 2023                    Respectfully submitted,

9                                           E. MARTIN ESTRADA
                                            United States Attorney
10
                                            ANNAMARTINE SALICK
11                                          Assistant United States Attorney
                                            Chief, National Security Division
12

13                                          _____
                                            ANDREW M. ROACH
14                                          Assistant United States Attorney

15                                          Attorneys for Applicant
                                            UNITED STATES OF AMERICA
16
   DATED: March 29, 2023
17

18
                                              /s/ with email authorization
19                                          AMBROSIO E. RODRIGUEZ

20                                          Attorney for Defendant
                                            ANTHONY DAVID FLORES
21
   DATED: March 29, 2023
22

23
                                              /s/ with email authorization
24                                          CHARLES J. SNYDER
                                            Deputy Federal Public Defender
25

26                                          Attorney for Defendant
                                            ANNA RENE MOORE
27

28

                                      9

**CERTIFICATION OF DEFENSE COUNSEL FOR DEFENDANT ANNA RENE MOORE**

I am Anna Rene Moore's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than March 19, 2024 is an informed and voluntary one.

_____          2/28/23
CHARLES J. SNYDER                        Date
Deputy Federal Public Defender

Attorney for Defendant
ANNA RENE MOORE


**CERTIFICATION OF DEFENDANT ANNA RENE MOORE**

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 19, 2024.

_____          28 MARCH 2023
ANNA RENE MOORE                          Date
Defendant

10

1          **CERTIFICATION OF DEFENSE COUNSEL FOR DEFENDANT FLORES**

2          I am Anthony David Flores's attorney.  I have carefully

3   discussed every part of this stipulation and the continuance of the

4   trial date with my client.  I have fully informed my client of his

5   Speedy Trial rights.  To my knowledge, my client understands those

6   rights and agrees to waive them.  I believe that my client's decision

7   to give up the right to be brought to trial earlier than

8   March 19, 2024 is an informed and voluntary one.

9

10  _____          _03/22/2023_____
    AMBROSIO E. RODRIGUEZ                     Date

11  Attorney for Defendant
    ANTHONY DAVID FLORES

12

13

14              **CERTIFICATION OF DEFENDANT FLORES**

15          I have read this stipulation and have carefully discussed it

    with my attorney.  I understand my Speedy Trial rights.  I

16  voluntarily agree to the continuance of the trial date, and give up

17  my right to be brought to trial earlier than March 19, 2024.

18

19

20  _____          _3/22/2023_____
    ANTHONY DAVID FLORES                      Date

21  Defendant

22

23

24

25

26

27

28

                                    11